## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DIVISION OF ILLINOIS

| | | |
|---|---|---|
| ROBERT A. NEMETH | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2012-1243 |
| | : | |
| WESTCODE, INC., a Pennsylvania Corporation | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, Westcode, Inc. ("Defendant") as and for its answer with affirmative defenses to Plaintiff Robert A. Nemeth's ("Plaintiff") complaint to allege and aver the following:

1.   Admitted in part; denied in part. It is admitted that Plaintiff is an individual who resides in the State of Illinois and that Defendant is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania. Defendant also admits that this Court has diversity jurisdiction over this matter.  The remaining allegations in paragraph 1 are denied.

2.   Admitted in part; denied in part. It is admitted that the allegations in Plaintiff's complaint refer to acts alleged to have occurred in the County of Knox in the State of Illinois. The remaining allegations in paragraph 2 are denied.

3.   Admitted.

4. Admitted in part; denied in part. It is admitted that Defendant operated a plant at 1861 South Henderson Street in the City of Galesburg, Knox County, Illinois. The remaining allegations in paragraph 4 are denied.

5. Admitted.

6. Admitted.

7. Admitted in part; denied in part. It is admitted that a true and correct copy of Plaintiff's Payroll Change Notice is attached as Exhibit 1 to the Complaint. The remaining allegations are denied as they attempt to summarize or characterize that document which is written and speaks for itself.

8. Denied. The allegations in this paragraph are denied as, after reasonable investigation, Defendant lack knowledge as to their truth or accuracy.

9. Admitted in part; denied in part. It is admitted that Plaintiff completed an accident report. The remaining allegations in this paragraph are denied as, after reasonable investigation, Defendant lack knowledge as to their truth or accuracy.

10. Admitted in part; denied in part. It is admitted that Plaintiff retuned on or about February 20, 2009. The remaining allegations in this paragraph are denied as, after reasonable investigation, Defendant lacks knowledge as to their truth or accuracy.

11-13. Denied. The remaining allegations in these paragraphs are denied as, after reasonable investigation, Defendant lack knowledge as to their truth or accuracy.

14. Admitted in part; denied in part. It is admitted that Plaintiff was terminated on or about March 23, 2009. The remaining allegations in this paragraph are denied.

15. Denied.

16. Admitted in part; denied in part. It is admitted that Plaintiff received promotions. The remaining allegations are denied.

17. Admitted in part; denied in part. It is admitted that a true and correct copy of Plaintiff's Exit Interview Form is attached as Exhibit 3 to the Complaint. The remaining allegations are denied as they attempt to summarize or characterize that document which is written and speaks for itself.

18-22. Denied.

**WHEREFORE**, the Defendant requests the entry of a judgment in its favor against Plaintiff dismissing Plaintiff's claim with prejudice and awarding Defendant its costs and fees incurred in this action.

1. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

2. Plaintiff's claims are barred in whole or in part by the failure to mitigate any alleged harm or damages.

3. Any harm suffered by Plaintiff was caused by a party other than Defendant.

4. Plaintiff's claims are barred in whole or in part by Defendant's cessation of operations.

5. Plaintiff's claims are barred in whole or in part because Plaintiff was not terminated for exercising his rights under the Illinois Workers' Compensation Act, § 4(h), 820 Ill. Comp. Stat. 305/4(h) (West, Westlaw through P.A. 97-760 of the 2012 Reg. Sess.).

6. All actions taken by Defendant were taken in good faith, and Defendant did not act fraudulently or with actual malice, deliberate violence or oppression, or willfully or with such gross negligence as to indicate a wanton disregard for the rights of others. Thus, there is no basis in law or fact for Plaintiff to seek or recover punitive damages against Defendant.

7. Plaintiff's damages are offset, in whole or in part, by any compensation, settlement, or award received for his alleged workers' compensation injury.

8. Plaintiff's claims are barred in accordance with the equitable doctrines of waiver, estoppel, laches, and unclean hands.

9. Plaintiff cannot recover lost wages or benefits for any period of time in which he was physically unable to work or any time he was not actively seeking comparable employment.

10. Plaintiff's claims are barred in whole or in part by the failure to state a claim upon which relief can be granted.

**WHEREFORE**, the Defendant requests the entry of a judgment in its favor against Plaintiff dismissing Plaintiff's claim with prejudice and awarding Defendant its costs and fees incurred in this action.

Respectfully submitted,

By:    /s/ David L. Christlieb
      David L. Christlieb
      Attorney I.D. 06281173
      Littler Mendelson, P.C.
      321 N. Clark Street
      Suite 1000
      Chicago, IL 60654
      Telephone: (312) 372-5520
      Facsimile: (312) 372-7880
      E-Mail: dchristlieb@littler.com

      Patrick C. Campbell, Jr. *Admission Pending*
      Attorney I.D. No. 53350
      Phillips, Campbell & Phillips, LLP
      314 N. Middletown Road
      Lima, PA 19037
      Telephone :(610) 548-7100
      Facsimile: (610) 565-7427
      E-Mail : pcampbell@phillipscampbell.com

      Attorneys for Defendant

**Dated:** January 31, 2013

# CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2013, I electronically filed the foregoing with the Clerk of the U.S. District Court using the CM/ECF system.  Notification of this filing will be sent electronically from the Clerk of the Court to the following parties of record:

Grant Robert Gulovsen<br>
Bridlecreek Square Office Park<br>
256 S. Soangetaha Rd.<br>
Suite 108<br>
Galesburg, IL  61401

By:   /s/ David L. Christlieb
David L. Christlieb
Attorney I.D.  06281173
Littler Mendelson, P.C.
321 N. Clark Street
Suite 1000
Chicago, IL  60654
Telephone:  (312) 372-5520
Facsimile: (312) 372-7880
E-Mail:  dchristlieb@littler.com
Attorney for Defendant

Firmwide:117873521.1 999999.4196